IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01230-BNB

DAVID LEE COLLINS,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, David Lee Collins, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado.  He initiated the instant action by submitting *pro se* a document titled "Notice to Withdrawal" (ECF No. 1) pursuant to the Lanham Act, 15 U.S.C. § 1127, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, that appeared to be asking for his release from confinement.

    The Court reviewed the document and determined it was deficient.  Therefore, on April 30, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Collins to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.  Magistrate Judge Boland also informed Mr. Collins that if he wanted to challenge his conviction and sentence, he may do so in a separate habeas corpus action filed pursuant to 28 U.S.C. § 2254.

The April 30 order pointed out that Mr. Collins failed to submit either the $400.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form, i.e., the current form revised October 1, 2012, with an authorization and certificate of prison official, together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official.  The April 30 order also pointed out that Mr. Collins failed to submit a Prisoner Complaint on the proper, Court-approved form.  The April 30 order directed Mr. Collins to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint.  The April 30 order warned him that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

In response to the April 30 order to cure, Mr. Collins submitted three documents: (1) a "Notice of Fault and Opportunity to Cure" (ECF No. 4) filed on May 12, 2014; (2) a "Motion of Responce [sic]" (ECF No. 5) filed on May 15, 2014; and a "Responce [sic]" (ECF No. 6) filed on May 30, 2014.

Mr. Collins has failed to cure the designated deficiencies as directed within the time allowed.  Therefore, the action will be dismissed without prejudice for Mr. Collins' failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Collins files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, David Lee Collins, to cure the deficiencies designated in the order to cure of April 30, 2014, within the time allowed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   6th   day of     June         , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court